DISSENTING OPINION BY
JUDGE COSGROVE
In quashing the appeal of the Fraternal Order of Police Fort Pitt Lodge, No. 1 (Designated ' Petitioner), the Majority reads into Section 252 of the Municipalities Financial Recovery Act (Act 47)[1] something which the Legislature did not intend. A.s a result, I am compelled to dissent.
While restating its intent to, protect financially distressed municipalities, the General Assembly twice in the last five years has amended Act 47 to address circumstances such as those present in the case before us. These changes were designed to loosen the contours of the collective bargaining process which were originally imposed on matters arising under Act 47’s prior incarnation. Under that *252 scheme, where a municipality was operating pursuant to an Act 47 Plan, a collective bargaining agreement or arbitration resolution executed after adoption of the Plan was essentially set in stone, with no opportunity for alteration. As the Majority recognizes, the revised Section 262 allows for “deviation] from an Act 47 [P]lan under certain circumstances and [ ] provide[s] for a direct appeal to this Court of an award doing so.” See Majority Op. at 247. It appears that the Majority interprets this permission to “deviat[e]” so narrowly as to strangle it of meaning. It is here that the Majority and I differ.
In the present case, and as the Majority recognizes, the Plan at issue specifically made “[mjaintaining ... competitive compensation” an issue in determining the compensation to be paid to police officers in the City of Pittsburgh. Majority Op. at 260-51. According to Designated Petitioner, failure to provide compensation at a competitive rate constitutes a deviation from the Plan, thus entitling it to direct appeal to this Court. This is a simple point which the Majority somehow misses. Instead of allowing an appeal, the Majority looks to the “entire provision” where this statement is found, and summarily determines that “its purpose was to set ‘the maximum dollars available for each bargaining unit ... in each year, inclusive of increases and improvements to all components of employee compensation other than pensions and retiree health.” Id. at 260. Finding no “further discussion of] maintenance of competitive compensation” within this provision, the Majority leaps to the conclusion that “there was no ‘competitive compensation’ requirement” from which the award at issue strayed. Id.
The words “competitive compensation” are rich with meaning in the collective bargaining context. They provide a framework from which to judge an award such as that present and to determine whether it complies with the plan on which it is based. The Majority, however, completely excises these words from the Plan and negates their import to it as if they were never written. This is an astonishing move, one which treats the legislative broadening of the revised Section 252 as if it were a mere draft,
In taking the steps it did with Section 252, the General Assembly recognized the importance of allowing direct appeal to this Court in matters like this. Such an appeal helps to streamline a complicated process and allows for a swift resolution which would otherwise be denied by further litigation at a lower level. The Majority strains its judicial muscle in this case to find otherwise, and in so doing, renders the corrective measures of the Legislature nearly meaningless.
As I would allow this appeal to proceed, I must dissent.

. Act of July 10, 1987, P.L. 246, as amended, 53P.S. §§ 11701.101-11701.712.